980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sanford F. REED, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-3222.
 United States Court of Appeals, Sixth Circuit.
 Dec. 3, 1992.
 
 Before KEITH, DAVID A. NELSON and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant Sanford F. Reed challenges the Secretary of Health and Human Services' denial of benefits. Because the Secretary's decision is supported by substantial evidence, we AFFIRM.
 
 
 2
 Claimant sought Social Security Disability Benefits and Supplemental Security Income for back pain, hypertension, and other health problems. The administrative law judge (ALJ) denied these claims. The Appeals Council approved the ALJ's findings making them the final decision of the Secretary. The district court affirmed.
 
 
 3
 Under 42 U.S.C. § 405(g), the findings of fact made by the Secretary are conclusive if supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 4
 The ALJ found that claimant suffered degenerative arthritis and aggravated back impairments, but that these health problems did not rise to the level of a disability. Rather, the ALJ found that claimant could still perform "light work" subject to certain additional limitations. "Light work" is defined as work involving lifting ten to twenty pounds, standing, walking, and sitting. 20 C.F.R. §§ 416.967(b), 404.1567(b). The ALJ also found further limitations in that claimant could not move about more than five out of every eight hours, had to switch positions and movements frequently, could walk only 400 yards at a time, and could stand for only one or two hours at a time. Nevertheless, the ALJ found that claimant had relevant past work experience as a tow motor operator and that the limitations did not prevent working in such a capacity. The ALJ also found that other jobs existed which claimant could perform.
 
 
 5
 The ALJ based his findings as to claimant's physical abilities primarily on claimant's own testimony. First, claimant testified that he could use his hands for grasping and manipulation despite their large size. Second, claimant testified that he could drive ten to fifteen miles and had driven forty-five miles to the hearing before the ALJ indicating an ability to operate foot and leg controls. Third, claimant testified that he could still move about albeit for brief distances and periods of time.
 
 
 6
 The ALJ also considered the medical evaluations of claimant's physicians, the Industrial Commission of Ohio, and a medical expert. Although each of the evaluations differed as to their conclusions, all of them indicated that claimant retains the ability to move about in limited ways. Where the medical evaluations contradicted claimant's testimony as to his abilities, the ALJ relied on the claimant's testimony.
 
 
 7
 The ALJ also found that claimant's complaints of severe pain were not supported by objective medical evidence. Under Duncan v. Secretary of Health and Human Servs., 801 F.2d 847 (6th Cir.1986), subjective complaints of pain must be supported by objective medical evidence before they may be relied upon to establish a disability. Id. at 852-54. Despite claimant's complaints, he presently takes only Tylenol 3 which is generally used to relieve mild pain. None of the medical evaluations indicated that claimant's pain was as severe as he alleged.
 
 
 8
 In deciding what employment opportunities were available to claimant, the ALJ relied on a vocational expert's testimony that the job of a tow motor operator fell within the claimant's limited job abilities. The expert also named other jobs which claimant could perform such as that of a quality control inspector, a mail clerk, a general clerk, an office clerk, and a small parts assembler. The expert also testified that these types of jobs exist in substantial numbers in both Ohio and the nation.
 
 
 9
 Based on all the foregoing, we find that the ALJ's decision is supported by substantial evidence. We AFFIRM.